IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMERCE BANCSHARES, INC. ) <br> and COMMERCE BANK, ) <br> ) <br> Defendants. ) | Case No. 2:13-cv-04160-NKL <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Commerce Bancshares, Inc. and Commerce Bank (collectively "Commerce") for their Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by Plaintiff Intellectual Ventures II LLC ("IV"), hereby state as follows:

## GENERAL DENIAL

Unless specifically admitted below, Commerce denies each and every allegation in IV's Complaint.

## Allegations Relating to the Parties

1. Commerce is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies each allegation.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied.

**Allegations Relating to Jurisdiction and Venue**

6. Commerce admits that IV alleges patent infringement under the Patent Act and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Commerce denies the remaining allegations of Paragraph 6.

7. Commerce does not contest personal jurisdiction with respect to this action. Commerce admits that is has its headquarters and does business in this judicial district. Commerce denies that it has committed acts giving rise to liability for patent infringement. The remaining allegations in Paragraph 7 constitute legal conclusions for which no response is required.

8. Commerce does not contest that venue is proper in this judicial district with respect to this action. Commerce admits that it has conducted business within this judicial district and/or provided services to its customers within this judicial district and division. Commerce denies that it has committed acts giving rise to liability for patent infringement. The remaining allegations in Paragraph 8 constitute legal conclusions for which no response is required.

**Allegations Relating to Intellectual Ventures and the Patents-In-Suit**

9. Commerce is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies each allegation.

10. Commerce is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies each allegation.

11. Commerce is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies each allegation.

12. Commerce is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies each allegation.

13. Commerce admits that U.S. Patent No. 5,745,574 ("the '574 patent") is titled "Security Infrastructure For Electronic Transactions" and was issued on April 28, 1998. Commerce further admits that Exhibit A appears to be an accurate copy of the '574 patent. Commerce denies the remaining allegations in Paragraph 13.

14. Commerce admits that U.S. Patent No. 6,826,694 ("the '694 patent") is titled "High Resolution Access Control" and was issued on November 30, 2004. Commerce further admits that Exhibit B appears to be an accurate copy of the '694 patent. Commerce denies the remaining allegations in Paragraph 14.

15. Commerce admits that U.S. Patent No. 6,715,084 ("the '084 patent") is titled "Firewall System And Method Via Feedback From Broad-Scope Monitoring For Intrusion Detection" and was issued on March 30, 2004. Commerce further admits that Exhibit C appears to be an accurate copy of the '084 patent. Commerce denies the remaining allegations in Paragraph 15.

16. Commerce admits that U.S. Patent No. 6,314,409 ("the '409 patent") is titled "System For Controlling Access And Distribution Of Digital Property" and was issued on November 6, 2001. Commerce further admits that Exhibit D appears to be an accurate copy of the '409 patent. Commerce denies the remaining allegations in Paragraph 16.

17. Commerce admits that U.S. Patent No. 7,634,666 ("the '666 patent") is titled "Crypto-Engine For Cryptographic Processing Of Data" and was issued on December 15, 2009. Commerce further admits that Exhibit E appears to be an accurate copy of the '666 patent. Commerce denies the remaining allegations in Paragraph 17.

18. Commerce is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies each allegation.

**IV's Count I (Alleging Infringement of U.S. Patent No. 5,745,574)**

19. Commerce incorporates its responses to Paragraphs 1-18, as if fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

23. Commerce admits that IV sent Commerce a letter dated June 19, 2013, which alleged infringement of claim 23 of the '574 patent. Commerce further admits that IV's Complaint, which was filed on June 20, 2013, also alleged infringement of claim 23 the '574 patent. Commerce denies the remaining allegations in Paragraph 23.

24. Denied.

**IV's Count II (Alleging Infringement of U.S. Patent No. 6,826,694)**

25. Commerce incorporates its responses to Paragraphs 1-18, as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Commerce admits that IV sent Commerce a letter dated June 19, 2013, which alleged infringement of claim 1 of the '694 patent. Commerce further admits that IV's Complaint, which was filed on June 20, 2013, also alleged infringement of claim 1 the '694 patent. Commerce denies the remaining allegations in Paragraph 29.

30. Denied.

### IV's Count III (Alleging Infringement of U.S. Patent No. 6,715,084)

31. Commerce incorporates its responses to Paragraphs 1-18, as if fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Commerce admits that IV sent Commerce a letter dated June 19, 2013, which alleged infringement of claim 26 of the '084 patent. Commerce further admits that IV's Complaint, which was filed on June 20, 2013, also alleged infringement of claim 26 the '084 patent. Commerce denies the remaining allegations in Paragraph 35.

36. Denied.

### IV's Count IV (Alleging Infringement of U.S. Patent No. 6,314,409)

37. Commerce incorporates its responses to Paragraphs 1-18, as if fully set forth herein.

38. Denied.

39. Denied.

40. Denied.

41. Commerce admits that IV sent Commerce a letter dated June 19, 2013, which alleged infringement of claim 38 of the '409 patent. Commerce further admits that IV's Complaint, which was filed on June 20, 2013, also alleged infringement of claim 38 the '409 patent. Commerce denies the remaining allegations in Paragraph 41.

42. Denied.

### IV's Count V (Alleging Infringement of U.S. Patent No. 7,634,666)

43. Commerce incorporates its responses to Paragraphs 1-18, as if fully set forth herein.

44. Denied.

45. Commerce admits that IV sent Commerce a letter dated June 19, 2013, which alleged infringement of claim 4 of the '666 patent. Commerce further admits that IV's Complaint, which was filed on June 20, 2013, also alleged infringement of claim 4 the '666 patent. Commerce denies the remaining allegations in Paragraph 45.

46. Denied.

### ADDITIONAL AND AFFIRMATIVE DEFENSES

Without altering the burdens of proof, Commerce asserts the following Additional and Affirmative Defenses and reserves the right to amend its Answer, Affirmative Defenses, and Counterclaims as additional information becomes available.

A. IV's Complaint fails to state a claim upon which relief may be granted.

B. Commerce does not infringe and has not infringed, either directly, jointly, or indirectly any claim of the '574 patent, '694 patent, '084 patent, '409 patent, or '666 patent (collectively the "Patents-In-Suit"), either literally or under the doctrine of equivalents.

C. The asserted claims of the Patents-In-Suit are invalid for failure to comply with one or more requirements of the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

D. IV is estopped by representations and concessions made to the Patent Office from claiming infringement either literally or under the doctrine of equivalents.

E. IV's claims for damages, if any, are limited by 35 U.S.C. §§ 286 and/or § 287.

F.  IV is barred from recovering costs under 35 U.S.C. § 288.

G.  IV's requested relief is barred, in whole or in part, under the doctrines of laches, estoppel, waiver, acquiescence, and/or unclean hands.

H.  IV's claims of infringement are barred in whole or in part by patent exhaustion or an express or implied license.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered, Commerce requests the Court to dismiss IV's Complaint, declare this an exceptional case in favor of Commerce, award Commerce its attorneys' fees and costs incurred in this case, and award such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs Commerce Bancshares, Inc. and Commerce Bank (collectively "Commerce"), for their Counterclaims against Counterclaim-Defendant Intellectual Ventures II LLC ("IV"), state as follows:

## THE PARTIES

1.  Counterclaim-Plaintiff Commerce Bancshares, Inc. is a corporation organized under the laws of the State of Missouri and has a principal place of business in Kansas City, Missouri.

2.  Counterclaim-Plaintiff Commerce Bank is a state chartered trust company organized under the laws of the State of Missouri with a principal place of business located in Kansas City, Missouri.

3. On information and belief, Counterclaim-Defendant Intellectual Ventures II LLC, is a Delaware limited liability company having its place of business located in Bellevue, Washington.

## JURISDICTION AND VENUE

4. Counterclaim-Defendant IV has brought suit against Counterclaim-Plaintiff Commerce alleging infringement of U.S. Patent No. 5,745,574 ("the '574 Patent"), U.S. Patent No. 6,826,694 ("the '694 Patent"), U.S. Patent No. 6,715,084 ("the '084 Patent"), U.S. Patent No. 6,314,409 ("the '409 Patent"), and U.S. Patent No. 7,634,666 ("the '666 Patent") (collectively "the Patents-in-Suit").

5. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., for a declaratory judgment that the Patents-in-Suit are not infringed by Commerce and are invalid.

6. This Court has subject matter jurisdiction over Commerce's counterclaims under one or more of 28 U.S.C. §§ 1331, 1338, 2201 and 2202. An actual controversy exists because IV has asserted infringement by Commerce of the Patents-in-Suit and Commerce believes these allegations are unfounded and without merit.

7. There exists an actual and substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance by this Court of a declaratory judgment.

8. This Court has personal jurisdiction over IV and venue is proper in this district because IV has voluntarily appeared and consented to this venue by filing its claims for patent infringement here.

## COUNT I

**Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,745,574**

9. Commerce incorporates the allegations of Paragraphs 1-8 above, as if fully set forth herein.

10. Commerce has not infringed, directly or jointly, contributed to the infringement by others of, or induced the infringement by others of any claim of the '574 patent, either literally or under the doctrine of equivalents.

11. The asserted claims of the '574 patent are invalid for failing to comply with one or more of the requirements of the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT II

**Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,826,694**

12. Commerce incorporates the allegations of Paragraphs 1-8 above, as if fully set forth herein.

13. Commerce has not infringed, directly or jointly, contributed to the infringement by others of, or induced the infringement by others of any claim of the '694 patent, either literally or under the doctrine of equivalents.

14. The asserted claims of the '694 patent are invalid for failing to comply with one or more of the requirements of the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III

**Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,715,084**

15. Commerce incorporates the allegations of Paragraphs 1-8 above, as if fully set forth herein.

16. Commerce has not infringed, directly or jointly, contributed to the infringement by others of, or induced the infringement by others of any claim of the '084 patent, either literally or under the doctrine of equivalents.

17. The asserted claims of the '084 patent are invalid for failing to comply with one or more of the requirements of the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT IV

**Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 6,314,409**

18. Commerce incorporates the allegations of Paragraphs 1-8 above, as if fully set forth herein.

19. Commerce has not infringed, directly or jointly, contributed to the infringement by others of, or induced the infringement by others of any claim of the '409 patent, either literally or under the doctrine of equivalents.

20. The asserted claims of the '409 patent are invalid for failing to comply with one or more of the requirements of the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT V

**Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 7,634,666**

21. Commerce incorporates the allegations of Paragraphs 1-8 above, as if fully set forth herein.

22. Commerce has not infringed, directly or jointly, contributed to the infringement by others of, or induced the infringement by others of any claim of the '666 patent, either literally or under the doctrine of equivalents.

23. The asserted claims of the '666 patent are invalid for failing to comply with one or more of the requirements of the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff Commerce requests judgment:

A. Declaring that Commerce has not infringed, directly, jointly, or indirectly any claim of the Patents-in-Suit, either literally or under the doctrine of equivalents;

B. Declaring that the asserted claims of the Patents-In-Suit are invalid;

C. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Commerce its reasonable attorneys' fees, expenses, and costs in this action; and

D. Granting Commerce such other relief as the Court deems appropriate.

## JURY TRIAL DEMANDED

Under Federal Rule of Civil Procedure 38(b), Commerce respectfully demands a trial by jury on all issues so triable.

Dated: August 30, 2013

Respectfully submitted,

SENNIGER POWERS LLP

By: /s/ Marc Vander Tuig
    Robert M. Evans, Jr., #35613MO
    Marc W. Vander Tuig, #52032MO
    Kyle G. Gottuso, #64869MO
    100 N. Broadway, 17th Floor
    St. Louis, MO 63102
    (314) 345-7000
    (314) 345-7600 Facsimile
    revans@senniger.com
    mvandertuig@senniger.com
    kgottuso@senniger.com

*Attorneys for Defendants
Commerce Bancshares, Inc. and
Commerce Bank*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on this 30th day of August, 2013 on the following by means of the Court's Notice of Electronic Filing System:

Norman E. Siegel
Stephen N. Six
Stueve Siegel Hanson LLP
460 Nichols Rd., Suite 200
Kansas City, MO 64112
Tel: 816-714-7100
Fax: 816-714-7101
Email: siegel@stuevesiegel.com
six@stuevesiegel.com

Ian Feinberg
Elizabeth Day
Marc Belloli
Feinberg Day Alberti & Thompson LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel: 650-618-4360
Fax: 650-618-4368
Email: ifeinberg@feinday.com
eday@feinday.com
mbelloli@feinday.com

*Attorneys for Plaintiff Intellectual Ventures II LLC*

/s/ Marc Vander Tuig