# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMERCE BANCSHARES, INC. and ) <br> COMMERCE BANK, ) <br> ) <br> Defendants. ) | No. 2:13-CV-04160-NKL |

## ORDER

Defendants Commerce Bancshares, Inc. and Commerce Bank move to stay this litigation pending *inter partes* review by the Patent Trial and Appeal Board of the United States Patent and Trademark Office. [Doc. # 63]. For the reasons set forth below, Defendants' motion to stay is GRANTED. It is further ORDERED that this case is DISMISSED, without prejudice, subject to being reopened by either party within forty-five (45) days after all of the pending petitions for *inter partes* review are denied or, if any of the petitions are granted, the issuance of a final written decision pursuant to 35 U.S.C. § 318 in each of the *inter partes* review proceedings involving the patents-in-suit, or the final decision on any appeals taken therefrom, whichever is later.

**I.     Background**

Plaintiff Intellectual Ventures, LLC filed this case on June 20, 2013, claiming infringement of five patents. On November 20, 2013, International Business Machines

Corporation ("IMBC") filed a petition for *inter partes* review ("IPR") of the fifth of the patents-in-suit by the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("PTO"). The parties to this case have since stipulated to the dismissal of all claims pertaining to this patent. Between April 7 and 23, 2014, IBMC filed petitions for IPR of the remaining four patents-in-suit. Between May 1 and 22, 2014, Defendants, along with Compass Bank and First National Bank of Omaha, also filed petitions for IPR of these four patents. These petitions seek to invalidate all of the claims of the remaining four patents-in-suit.

Pursuant to the Scheduling Order entered September 30, 2013, discovery in this case will close on December 19, 2014 and trial is set for May 11, 2015. Defendants filed their motion to stay on April 25, 2014. The parties filed their opening claim construction briefs on April 28, 2014 and their responsive claim construction briefs on May 19, 2014. A claim construction hearing is currently scheduled for June 12, 2014.

## II.     Discussion

Defendants move to stay this case pending the outcome of the IPR proceedings. The IPR process offers "a timely, cost-effective alternative to litigation," designed to produce "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." Changes to Implement *Inter Partes* Review Proceedings, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 *et seq.*). IPR replaced the *inter partes* reexamination process, which was conducted by a PTO examiner and could often last for extended periods, with an adjudicative process by which any person other than the patent owner can request IPR to

2

challenge the validity of claims under 35 U.S.C. sections 102 and 103. *See* 35 U.S.C. § 311. This process offers a number of benefits for parties and courts involved in related litigation.

> First, IPR provides a path to receive expert guidance from the PTO under a more accelerated timeline than the previous inter partes reexamination procedure: . . . . Second, the decision to institute IPR signals that at least one of the subject claims may be modified or cancelled. . . . Third, IPR imposes an estoppel requirement that precludes the petitioner from asserting invalidity, during a later civil action, "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). This critical limitation results in a more streamlined litigation and reduces the likelihood of inconsistent judgments.

*PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *2 (N.D. Cal. Jan. 13, 2014).

The IPR process is conducted by a panel of three specialized Administrative Patent Judges of the PTAB, which must issue a final determination within one year of undertaking the IPR, though this deadline may be extended by up to six months for good cause. §§ 6, 315(a)(11). Once a petition for IPR is filed, the patent owner has three months to file a preliminary response. § 313. The PTO must decide whether to institute an IPR within three months of receiving the patent owner's response or the deadline for the response, if none is filed. § 314(a). The patent owner may also expedite the process by filing an election to waive its preliminary response. 37 C.F.R. § 42.107.

Federal courts have the inherent power to stay patent litigation pending the result of proceedings before the PTO. *See, e.g.*, *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *see also Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (' "[T]he power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' "). In these circumstances, courts generally consider the following three factors in deciding whether to grant a stay:

> (1) whether discovery is complete and a trial date has been set;
>
> (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and
>
> (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party.

*Sanders v. Mosaic Co.*, No. 09-00016-CV-W-JTM, 2012 WL 640159, at *2 (W.D. Mo. Feb. 27, 2012). Although the decision to grant a stay remains firmly in the district court's discretion, the interests of judicial economy and deference to the PTO's expertise have given rise to "a liberal policy in favor of granting stays." *Id.* at *1 (quotation omitted); *accord VData, LLC v. Aetna, Inc.*, No. CIV 06-1701 JNE/SRN, 2006 WL 3392889, at *5 (D. Minn. Nov. 21, 2006); *see also Inteplast Grp., Ltd. v. Coroplast, Inc.*, No. 4:08-CV-1413 CAS, 2009 WL 1774313, at *1 (E.D. Mo. June 23, 2009) ("[S]everal courts have observed that sponsors of the patent reexamination legislation favored stays by district courts pending reexamination in order to settle disputes more quickly at lower cost, and to provide courts with the benefit of the PTO's expertise.").

In this case, each of the relevant factors weighs in favor of a stay. The IPR would resolve some or all of the issues in this case if claims are invalidated and, even if all of the claims survive, may "facilitate trial by providing the court with expert opinion of the []PTO and clarifying the scope of the claims." *Semiconductor Energy Lab. Co., Ltd. v.*

*Chimei Innolux Corp.*, No. SACV 12-21-JST JPRX, 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012) (quotation omitted); *see also Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718460, at *1 (N.D. Ill. Oct. 1, 2013) ("If the claim is held to be valid, that too would simplify the remaining issues and might encourage settlement, because Positec will be estopped from arguing to this court that the claim is invalid."). This is particularly true where, as here, multiple patents are at issue and the IPR petitions address all of the claims in the patents-at-suit. *See TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 12CV2777-GPC BGS, 2014 WL 794215, at *4 (S.D. Cal. Feb. 26, 2014).

Plaintiff argues that because IPR proceedings are limited to invalidity claims under 35 U.S.C. sections 102 and 103, many issues may remain in dispute even after any IPR proceedings conclude. The relevant inquiry here, however, is not whether the IPR would completely resolve this case, but rather whether it could make this litigation simpler and more efficient. *See, e.g.*, *Black & Decker Inc.*, 2013 WL 5718460, at *2 ("The court evaluates whether review would simplify the issues in question, not whether it could eliminate every issue in the case."); *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. CV 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) ("[W]hile the court recognizes that this case likely presents certain questions that simply cannot be addressed through *inter partes* review, it notes that the 'issue simplification' factor does not require complete overlap."). There is no question that the invalidation of some or all claims, or alternatively estoppel of some invalidity contentions, would simplify these proceedings.

Plaintiff also argues that it would be prejudicial and counterproductive to stay this case based on petitions for IPR filed by a non-party, IBMC, as Defendants would not be

subject to the statutory estoppel provision that applies to petitioners.  However, Defendants have since filed their own petitions for IPR with respect to each of the remaining patents-in-suit.  In addition, Defendants have agreed not to raise any of the invalidation contentions asserted in any of the IPR petitions, both IBMC's and its own, if further litigation is necessary after the PTAB issues a final written decision.  [Doc. # 77 at 3, 7] ("[Defendants] will agree to be subject to the same estoppel effects with regard to [IBMC's] petitions, as if [Defendants] were the 'petitioner' under § 315(e)."). Accordingly, the estoppel provision of section 315(e) will apply to all claims that are, or reasonably could have been, raised in the IPR proceedings initiated by Defendants and IBMC.

The only other potential prejudice identified by Plaintiff is the risk of unnecessary delay.  "The mere potential for delay, however, is insufficient to establish *undue prejudice*." *Neste Oil OYJ*, 2013 WL 3353984, at *2 (D. Del. July 2, 2013); *accord Black & Decker Inc.*, 2013 WL 5718460, at *2; *Semiconductor Energy Lab. Co., Ltd.*, 2012 WL 7170593, at *3.  None of the factors that might result in undue prejudice from a delay in this litigation, for instance where the parties are direct competitors such that a delay might result in loss of market share and an erosion of goodwill, are present in this case. Defendants filed their motion to stay within days of IBMC having filed its final IPR petitions, prior to filing their own petitions, and before the deadline for the parties' opening claim construction briefs.  The IPR petitions were timely filed, Defendants promptly sought a stay pending their resolution, and there is no indication that a stay

would place Plaintiff at a tactical disadvantage. Consequently, the potential for delay alone does not weigh against the entry of a stay.

Furthermore, although some discovery has been exchanged and claim construction has been briefed, this case is still at a relatively early stage of patent litigation. Discovery does not close for another six months, it is nearly a year before trial, there have been no depositions, the claim construction hearing has not occurred, and significant work, including substantive expert discovery and summary judgment motions, remains to be completed after the claim construction hearing. *See Tierravision, Inc. v. Google, Inc.*, No. 11CV2170 DMS BGS, 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012) ("Once claim construction is complete, there would no doubt be a series of summary judgment motions, which will also require a tremendous amount of time and effort. Thus, although the case has progressed past the initial stages, it is not so advanced that a stay is inappropriate. Rather, considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court."); *PersonalWeb Techs., LLC*, 2014 WL 116340, at *4 (staying the case where the parties had not yet engaged in significant and costly expert discovery or summary judgment motions and the pretrial conference was still six months away). Thus, substantial time and resources may be conserved by staying this case pending the resolution of the IPR proceedings.

Finally, although the PTAB has not yet decided whether to institute IPR, courts routinely grant stays based on the filing of an IPR petition because the high probability

that the request will be granted[1] and potential benefits of IPR outweigh the relatively modest delay resulting from the stay if the petition for IPR is denied.[2]  *E.g.*, *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-CV-00616-JCS, 2014 WL 1677991, at*1 (N.D. Cal. Apr. 28, 2014) ("[T]he vast majority of requests for *inter partes* review are accepted and in virtually all of the cases in which final written decisions have been issued, the PTO has cancelled some or all of the challenged claims."); *Black & Decker Inc.*, 2013 WL 5718460, at *2 ("[S]hould the PTO deny review, the delay in waiting for that decision will be fairly short."); *E-Watch, Inc. v. Lorex Canada, Inc.*, No. CIV.A. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) ("If the USPTO declines the petitions for IPR, the stay will quickly be lifted resulting in little delay.  However, if the USPTO accepts the IPR petitions, the continuation of this litigation will likely result in the unnecessary expenditure of the parties' and court's time and resources on claims that may be fundamentally altered by the USPTO's determination regarding the patents-in-suit."); *Norred v. Medtronic, Inc.*, No. 13-2061-EFM/TJJ, 2014 WL 554685, at *3 (D. Kan. Feb. 12, 2014).

---

[1] "In fiscal year 2013, the PTO instituted IPR on approximately 82.3% of the petitions it received." *PersonalWeb Techs., LLC*, 2014 WL 116340, at *3.

[2] "[I]n 2013 the PTO took an average of 63 days to [decide whether to institute IPR] rather than the full 90 days permitted by statute.  Thus, even if the PTO rejects Juniper's petition, BSL will suffer essentially no prejudice from the brief delay in this case." *Brixham Solutions Ltd. v. Juniper Networks, Inc.*, No. 13-CV-00616-JCS, 2014 WL 1677991, at*1 n.5 (N.D. Cal. Apr. 28, 2014)

Considering all of the circumstances of the present case, it is most prudent to stay these proceedings immediately, subject to being reopened in the event that the IPR petitions are denied.

**III. Conclusion**

For the foregoing reason, Defendants' motion to stay this litigation pending *inter partes* review, [Doc. # 63], is GRANTED. It is further ORDERED that this case is DISMISSED, without prejudice, subject to being reopened by either party within forty-five (45) days after all of the pending petitions for *inter partes* review are denied or, if any of the petitions are granted, the issuance of a final written decision pursuant to 35 U.S.C. § 318 in each of the *inter partes* review proceedings involving the patents-in suit, or the final decision on any appeals taken therefrom, whichever is later.

/s Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 4, 2014
Jefferson City, Missouri